IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WALTER BIBEE | ) | |
| | ) | |
| v. | ) | NO. 3-15-0734 |
| | ) | JUDGE CAMPBELL |
| CREDIT ONE BANK | ) | |

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss and Compel Arbitration (Docket No. 9). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

This action was filed by Plaintiff against Defendant for alleged violations of the Telephone Consumer Protection Act ("TCPA"). Defendant has moved to dismiss and compel arbitration, arguing that Plaintiff agreed to binding arbitration of any and all disputes arising out of his Credit Card Agreement with Defendant.

That Agreement provides:

**"IMPORTANT NOTICE:** Please read the Arbitration Agreement portion of this document for important information about your and our legal rights under this Agreement."

Docket No. 10-3, p. 2.

Under the heading "ARBITRATION," the Agreement provides:

**PLEASE READ THIS PROVISION OF YOUR CARD AGREEMENT CAREFULLY. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN**

**ARBITRATION, A DISPUTE IS RESOLVED BY A NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT. IN ARBITRATION, YOU MAY CHOOSE TO HAVE A HEARING AND BE REPRESENTED BY COUNSEL.**

Docket No. 10-3, p. 5.

The Agreement also provides: "You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration." Claims subject to arbitration under the Agreement include, but are not limited to

> disputes relating to the establishment, terms, treatment, operation, handling, limitations on or termination of your account; any disclosures or other documents or communications relating to your account; any transactions or attempted transactions involving your account, whether authorized or not; billing, billing errors, credit reports, the posting of transactions, payment or credits, or collections matters relating to your account; . . . the application, enforceability or interpretation of this Agreement, including this arbitration provision . . ..

Docket No. 10-3, p. 5. In addition, claims subject to arbitration include claims based on any theory of law, any contract, statute, regulation, ordinance, tort (including fraud or any intentional tort), common law, or any other legal or equitable ground. *Id.*

ARBITRATION

There is a strong presumption in favor of arbitration, and any doubts regarding arbitrability must be resolved in favor of arbitration. *Burden v. Check Into Cash of Kentucky*, 267 F.3d 483, 488 (6th Cir. 2001) (*cited in Safe Step Walk-In Tub Co. v. GreenworksUS*, 2015 WL 2384033 at * 1 (M.D. Tenn. May 19, 2015)). Because arbitration agreements are fundamentally contracts, the Court must review the enforceability of the arbitration agreement according to the applicable state law of

contract formation. *Hergenreder v. Bickford Senior Living Group, LLC*, 656 F.3d 411, 416 (6th Cir. 2011).

Plaintiff opposes Defendant's Motion to Dismiss and Compel Arbitration based on three grounds. First, Plaintiff contends that he has stated a claim under the TCPA. That issue is not before the Court on this Motion. Whether he has stated a claim under the TCPA has no bearing on whether he agreed to arbitrate these disputes. Under the Federal Arbitration Act, a district court's consideration of a motion to compel arbitration is limited to determining whether the parties entered into a valid agreement to arbitrate and does not reach the merits of the parties' claim. *Burden v. Check Into Cash of Kentucky*, 267 F.3d 483, 487 (6th Cir. 2001).

Secondly, Plaintiff asserts that Defendant has not carried its burden to prove the existence of an enforceable arbitration agreement. The party seeking to invalidate an arbitration agreement bears the burden of showing that the agreement is unenforceable. *Green Tree Financial Corp.-Alabama v. Randolph*, 121 S.Ct. 513, 522 (2000); *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 659-60 (6th Cir. 2003).

This Agreement provides, in the first paragraph, that Plaintiff, by requesting and receiving, signing or using his card, agrees to the terms of the Agreement, including the arbitration provisions. Plaintiff has not disputed that he received the credit card or used it. As indicated above, the language about arbitration is not hidden or inconspicuous. In light of the strong presumption in favor of arbitration, the Court finds that Plaintiff has not carried his burden to show that the arbitration agreement was unenforceable.

Finally, Plaintiff claims that the arbitration provision is unconscionable. Although Plaintiff argues that the arbitration provision is "buried on the penultimate page" and "in tiny print," the

contract itself reflects otherwise. As noted above, the arbitration provision is referenced at the beginning of the Agreement, on page 2, by the heading **"IMPORTANT NOTICE"** in bold type, Then, on page 5 of the Agreement, with a heading in all capital letters and larger type, the arbitration provision begins with bold and larger type. Docket No. 10-3, pp. 2 and 5.

Moreover, the arbitration provision is not one-sided. For example, it provides that <u>either</u> party, Plaintiff or Defendant, may elect to require the dispute to be resolved by arbitration. Docket No. 10-3, p. 5.

The arbitration provision also states that the arbitration hearing is to be held at a place chosen by the arbitrator in the same city as the U.S. District Court closest to Plaintiff's billing address. It provides that, if Defendant files the arbitration, it will pay the filing fee, and if Plaintiff files the arbitration, Plaintiff will pay the filing fee. If Plaintiff pays the initial filing fee and prevails at the arbitration, Defendant will reimburse the filing fee. Docket No. 10-3, p. 6.

The Court finds that the terms of the arbitration provision are not unconscionable.

## CONCLUSION

For all these reasons, Defendant's Motion to Dismiss and Compel Arbitration (Docket No. 9) is GRANTED. This action is DISMISSED, and the parties are ordered to arbitration pursuant to the terms of their Agreement.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE